IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PAULA MCCOY, o/b/o,
T.M.                                                                                              PLAINTIFF

v.                                            CIVIL NO. 06-4008

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                        DEFENDANT

## MEMORANDUM OPINION

Plaintiff Paula McCoy brings this action on behalf of her minor son, T.M., seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration (Commissioner) denying T.M.'s application for child's supplemental security income (SSI) benefits under Title XVI of the Social Security Act. This case is before the undersigned pursuant to the consent of the parties. Both parties submitted appeal briefs. (Doc. #'s 9, 10).

**Background:**

Plaintiff protectively filed an application for SSI on T.M.'s behalf on October 22, 2003, alleging that T.M. is disabled due to seizures and Attention Deficit Hyperactivity Disorder (ADHD). (Tr. 54-56). An administrative hearing was held on June 7, 2005. (Tr. 362-399). Plaintiff was present and represented by counsel.

The ALJ, in a written decision dated September 13, 2005, found that T.M. was not disabled, as he did not have an impairment that met or was medically or functionally equal to a listed impairment. (Tr. 13-21).

**Discussion:**

The court's review is limited to whether the decision of the Commissioner to deny benefits to the plaintiff is supported by substantial evidence on the record a whole. *See Ostronski v. Chater*, 94 F.3d 413, 416 (8th Cir. 1996). Substantial evidence means more than a mere scintilla of evidence, it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Pearles*, 402 U.S. 389, 401 (1971). The court must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996).

The Personal Responsibility and Work Opportunity Reconciliation Act of 1996, P.L. 104-193, revised the standards for determining childhood disability. Under the "interim" revised standards, a child is considered disabled if he has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to last for a continuous period of at least twelve months. *See* 42 U.S.C. § 1382c(a)(3)(c)(I). Effective January 2, 2001, the Commissioner promulgated "final" revised rules in response to public comments regarding the implementation of the revised rules . *See* Childhood Disability Provisions, 65 Fed. Reg. 54747 (September 11,2000)(to be codified at 20 C.F.R. Pts. 404, 416.) Under these "final" rules there is now a single method, rather than four separate methods, for evaluating functional equivalence based only on six domains of functioning. 20 C.F.R. § 416.926a(b). In the present case, in the decision dated September 13, 2005, the ALJ correctly used the "final" rules in making his disability determination.

The regulations implementing the revised standards prescribe a three-step process for making the disability determination. First, the ALJ must determine whether the child has engaged in substantial gainful activity. *See* 20 C.F.R. 416.924(b). Second, the ALJ must determine whether the child has a severe impairment or combination of impairments. *See* 20 C.F.R. 416.924(c). Third, the ALJ must determine whether the severe impairment(s) meets, medically equals, or functionally equals a listed impairment. *See* 20 C.F.R. § 416.924(d). In the present case, the ALJ found that T.M.'s claim failed at step three, as T.M. did not have an impairment that met or medically or functionally equaled a listed impairment.

First, we find there is substantial evidence on the record to support the ALJ's determination that T.M.'s impairments do not meet or medically equal in severity any listed impairment. *See* 20 C.F.R. Part 404, Subpt. P, App. 1, Part B. We next address whether T.M.'s impairments are functionally equal to any listed impairment, or, in other words, whether "what [T.M.] cannot do because of [his] impairments . . . is functionally equivalent in severity to any listed impairment that includes disabling functional limitations in its criteria." 20 C.F.R. § 416.926a(a).

Functional equivalence may be established by demonstrating marked limitations in two, or extreme limitations in one of the following areas: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for oneself; and health and physical well-being. *See* 20 C.F.R. § 416.92a(d). The ALJ determined that the facts in this case suggest T.M. has "less than marked" limitations in the areas of acquiring and using information and health and physical well-being; and no limitations in the areas of attending and completing tasks, interacting and relating to others, moving about

3

and manipulating objects and caring for oneself. (Tr. 18-19). We do not find substantial evidence on the record to support the ALJ's determination.

We are troubled by the ALJ's determination that T.M. has no limitations in the areas of attending and completing tasks and interacting and relating to others. (Tr. 18). With regard to attending and completing tasks, in June of 2004, Dr. Janet L'Abbe opined plaintiff appeared to have difficulty sustaining focus to task. (Tr. 303). School records reveal that during T.M.'s first grade year in school, T.M.'s teacher sent home numerous progress notes indicating T.M. was not paying attention in class, was not completing his daily work and was not following directions. (Tr. 188-216). On January 7, 2005, T.M.'s teacher noted T.M. would not work on his own and would only complete his work if she was standing next to him making sure he was doing the task assigned. (Tr. 203). Based on the record as a whole we do not find substantial evidence supporting the ALJ's determination that T.M. has no limitations in the area of attending and completing tasks.

As for interacting and relating to others, the ALJ noted T.M.'s kindergarten teacher's note that T.M. had no areas of serious detriment concerning social functioning. However, the ALJ failed to address T.M.'s first grade teacher's report that T.M. was hitting and pushing. (Tr. 189). In April of 2005, T.M. reported that he had no friends at school but did play with one girl. (Tr. 352). Plaintiff also reported T.M.'s aggressive behavior to T.M.'s treating physician. (Tr. 343, 345). Furthermore in a letter dated June 8, 2004, Sharon Stevenson, RN, PNP, APN, noted plaintiff's report that T.M. had been suspended from school for bringing a pocket knife to school and had been fighting and was being overall destructive. (Tr. 358).

AO72A
(Rev. 8/82)

We believe remand is necessary so that the record can be further developed regarding plaintiff's areas of development, especially in the areas of attending and completing tasks and interacting and relating to others. On remand, the ALJ should direct interrogatories to obtain functional assessments from T.M.'s treating physician(s), counselor(s), and psychologist(s)/psychiatrist(s) for the time period in question.

We are also troubled by the ALJ's failure to address the side effects caused by T.M.'s medication. On remand, we believe this issue should be adequately evaluated and discussed.

**Conclusion:**

Based on the foregoing, we hereby reverse the decision of the Commissioner and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 14th day of December 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)