IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PAULA MCCOY, o/b/o,
T.M.                                                                                           PLAINTIFF

      v.                                         CIVIL NO. 06-4008

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                  DEFENDANT

## O R D E R

    Plaintiff Paula McCoy, on behalf of her son T.M., appealed the Commissioner's denial of benefits to this court. On December 14, 2006, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 12). Plaintiff now moves for an award on $2,862.50 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 22.90 hours of work before the court at an hourly rate of $125.00. (Doc. # 13). The defendant has filed a response, objecting to certain hours claimed. (Doc. # 14).

    Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

2

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991), quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989).* The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Plaintiff requests attorney's fees under the EAJA at an hourly rate of $125.00. We find plaintiff's attorney entitled to compensation at this rate.

We next address the number of hours plaintiff's counsel claims he spent working on this case. Defendant objects to certain hours claimed arguing that some of the work performed could have been performed by support staff and that plaintiff's counsel did not adequately explain the "reviewed the file" submissions submitted on numerous dates.

Plaintiff's counsel seeks a total of 3.60 hours of work from January 12, 2006, through January 24, 2006. The Complaint was not filed in this court until January 26, 2006. (Doc. # 1). We note, time spent at the administrative level is not compensable under the EAJA. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984). However, some of the time

submitted on the above referenced dates was clearly in preparation for the filing of the Complaint with this court. Therefore, we will allow 2.00 hours. Accordingly, 1.60 hours must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks 0.10 hour on January 27, 2006 (letter to the clerk), from which we deduct 0.10 hour; 0.20 hour on January 30, 2006 (letter to the claimant), from which we deduct 0.20 hour; 0.10 hour on May 2, 2006 (letter to Magistrate Judge), from which we deduct 0.10 hour; 0.20 hour on May 31, 2006 (letter to the claimant), from which we deduct 0.20 hour; and 0.20 hour on December 14, 2006 (letter to the claimant), from which we deduct 0.20 hour. There is no indication that these letters were anything more than routine correspondence which can be performed by support staff. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). Accordingly, 0.80 hour must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks a total of 1.40 hours on January 27, 2006, January 30, 2006, March 7, 2006, March 30, 2006, April 4, 2006, May 31, 2006 and December 14, 2006, to review the file. The EAJA requires that a party seeking an award of fees and other expenses … "submit to the court an application… including an itemized statement from any attorney or expert witness…stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The undersigned concludes that the mere addition of the phrase "reviewed of file" to the above time entries, falls short of what the statute contemplates. Plaintiff's counsel frequently represents social security plaintiff's before this court, should be well versed in social security law and the proceedings before this court,

and has been given ample time for the review and preparation of the necessary documents on behalf of plaintiff. We further point out, there were no complex or unique issues in this case. Therefore, we deduct 1.40 hours from the amount of compensable time sought.

Plaintiff's counsel seeks a total of 2.00 hous to review and compare the transcript to the file on April 5, 2006. We find this time to be excessive and reduce the time allowed by 1.00 hour. We further find the 0.20 hour submitted on April 4, 2006, to review the briefing schedule, to be excessive and reduce that time to 0.10 hour. Accordingly, 1.10 hours must be deducted from the total compensable time sought by counsel.

Accordingly, we find that counsel is entitled to compensation under the EAJA for: 18.00 (22.90- 4.90) hours for attorney's fees, at the rate of $125.00 per hour for a total attorney's fee award of $2,250.00. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 16th day of February 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE